IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASENAY GEBREMSKEL,

     Petitioner,

v.

MELISSA ORTIZ, Acting Warden of Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

Case No. 1:26-cv-01240-MIS-GBW

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

THIS MATTER is before the Court on Petitioner Asenay Gebremskel's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 3, filed April 21, 2026. The federal Respondents ("Respondents") filed a Response on May 6, 2026 ("Response"),[1] ECF No. 7, to which Petitioner filed a Reply on May 13, 2026 ("Reply"), ECF No. 8. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

### I.    Relevant Background

Petitioner is a citizen of Eritrea who entered the United States without inspection or parole on February 20, 2025. Id. ¶¶ 19, 49; Notice to Appear, ECF No. 3-1 at 4. He was arrested by

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

Immigration and Customs Enforcement on July 23, 2025, and placed in removal proceedings.  Id. ¶ 6.  Petitioner has been detained ever since.  Id. ¶ 19.  He is currently detained at the Torrance County Detention Center in Estancia, New Mexico.  Id. ¶ 14.

On November 12, 2025, an Immigration Judge found that Petitioner was inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), but granted Petitioner's application for withholding of removal under Section 241(b)(3) of the INA.  Order of the Immigration Judge ("Removal Order"), ECF No. 3-1 at 9.  Petitioner appealed the Removal Order but according to the Executive Office for Immigration Review's website, Petitioner withdrew his appeal on April 14, 2026.  See https://acis.eoir.justice.gov/en/caseInformation; see also Resp. at 7.

On April 20, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from ICE custody.  Id. at 14.  Respondents filed a Response on May 6, 2026, ECF No. 7, to which Petitioner filed a Reply on May 13, 2026, ECF No. 8.

## II.     Legal Standard

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'"  Munaf v. Geren, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)).  A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention.  Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"  8 U.S.C. § 1231(a)(1)(A).  Under 8 U.S.C.

2

§ 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005). Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

## III.    Discussion

Petitioner argues primarily that he is entitled to relief as a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, __ F. Supp. 3d __, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-Petitioners); __ F. Supp. 3d __, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment). Pet. ¶¶ 52-57. He also asserts claims for violations of his right to a bond determination under the INA, id. ¶¶ 58-63, and for a violation of his Fifth Amendment Due Process rights, id. ¶¶ 64-71.

Respondents argue only that Petitioner's detention does not violate his due process rights because his detention has not exceeded the presumptively reasonable six-month threshold.  Resp. at 4.  They further argue that since Petitioner's removal became final, the Government has been attempting to arrange removal to a third country.  Id.

In his Reply, Petitioner argues only that the Response was untimely because the Order to Show Cause provided Respondents ten days to answer the Petition, and Respondents filed their Response fourteen days after the Court issued the Order to Show Cause.  ECF No. 8 at 1-2.

Initially, the Court rejects Petitioner's argument that the Response is untimely.  The Order to Show Cause provided Respondents "**ten (10) business days**" to answer the Petition.  ECF No. 5 at 2 (emphasis in original).  Respondents filed their Response exactly ten business days after the Court issued the Order to Show Cause.  As such, it is not untimely.

The Court further rejects Respondents' argument that "Petitioner is nowhere near the" presumptively reasonable six-month detention period.  Resp. at 4.  In this regard, Respondents appear to suggest that the Removal Order became final on April 14, 2026—the day Petitioner withdrew his appeal.  See id.  Respondents are wrong.  When a party withdraws his appeal of a removal order before a decision has been made thereon, "the initial decision shall be final to the same extent as if no appeal had been taken."  8 C.F.R. § 1003.4.  Consequently, by withdrawing his appeal, Petitioner's Removal Order became final as of the date it (the Removal Order) was entered—November 12, 2025, ECF No. 3-1 at 9-12.  See Amom v. Carter, Case No. 25-3205-JWL, 2025 WL 3267755, at *2 (D. Kan. Nov. 24, 2025).  Because Petitioner's Removal Order became final on November 12, 2025, the presumptively-reasonable six-month detention period expired on May 12, 2026.  See id.

4

Next, the Court finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  To begin with, Petitioner has been detained since July 23, 2025—a period of almost ten months.  Pet. ¶ 6.  Furthermore, the Immigration Judge granted Petitioner withholding of removal to his home country of Eritrea.  Pet. ¶ 20; Removal Order, ECF No. 3-1 at 9.  Respondents have been trying <u>unsuccessfully</u> to remove Petitioner to a third country since July 24, 2026—the day after the Removal Order was entered.  Decl. of Deportation Officer Aida Villalobos Regarding Asenay Gebremskel ("Villalobos Decl.") ¶¶ 7(a) & 8, ECF No. 7-1.  Specifically, on July 24, 2025, Respondents submitted requests to Canada, Australia, and the Netherlands to accept Petitioner, but apparently none of them would.  <u>Id.</u>  On February 15, 2026, Respondents asked the State Department for assistance in finding a third country to which to remove Petitioner.  <u>Id.</u> ¶ 7(b).  There is no evidence that any third country is willing to accept him.

"Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden."  <u>Naghiyev v. Bondi</u>, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing <u>Lorenzo v. Bondi</u>, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); <u>Jimenez Chacon v. Lyons</u>, __ F. Supp. 3d __, No. 2:25-cv-0977 DHU/KBM, 2025 WL 3496702, at *7 (D.N.M. Dec. 4, 2025); <u>Salazar-Martinez v. Lyons</u>, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)).  The Court is satisfied that the Government's thus-far unsuccessful attempt to remove Petitioner to a third country—despite nearly ten months of trying—satisfies Petitioner's burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]"  <u>Zadvydas</u>, 533 U.S. at 701.

Finally, Respondents failed to meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future." Id. To satisfy this burden, Respondents must present evidence in support of their position. See id. ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") Here, Respondents provide the Declaration of Deportation Officer Aida Villalobos who simply states that the previous attempts to remove Petitioner to a third country were unsuccessful, and "[t]he anticipated timeline to remove Petitioner[] is currently unknown." Villalobos Decl. ¶¶ 8-9. This fails to satisfy Respondents' burden.

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, his continued, indefinite detention violates the Fifth Amendment's Due Process Clause and the INA,[2] and he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3). See Khan v. Sec'y, Dep't of Homeland Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *3 (D.N.M. Mar. 19, 2026); Jiminez Chacon v. Lyons, __ F. Supp. 3d __, 2025 WL 3496702, at *8, *10 (D.N.M. Dec. 4, 2025); Salazar-Martinez v. Lyons, No. 2:25-cv-00961-KG-KBM, 2025 WL 3204807, at *2-3 (D.N.M. Nov. 17, 2025); Hmung v. Bondi, Case No. CIV-25-1303-J, 2025 WL 3657221, at *4 (W.D. Okla. Dec. 9, 2025), report and recommendation adopted, 2025 WL 3670499 (W.D. Okla. Dec. 17, 2025); Momennia v. Bondi, Case No. CIV-25-1067-J, 2025 WL 3011896, at *8-10 (W.D. Okla. Oct. 15, 2025), report and recommendation adopted, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025).

---

[2] Because the Court finds that Petitioner's continued detention violates the Fifth Amendment and the INA, the Court need not address Petitioner's remaining claims.

## IV.  Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.  Petitioner Asenay Gebremskel's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 3, is **GRANTED**;

2.  Respondents are **ORDERED** to immediately release Petitioner Asenay Gebremskel from custody/detention under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3);

3.  Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release, and no later than three days after entry of this Order; and

4.  The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE